# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: October 19, 2020

| | |
|---|---|
| * * * * * * * * * * * * *<br>KATHRYN CUMMINGS,         *<br>                               *<br>             Petitioner,  *<br>v.                            *<br>                              *<br>SECRETARY OF HEALTH    *<br>AND HUMAN SERVICES,    *<br>                              *<br>            Respondent.  *<br>* * * * * * * * * * * * * | UNPUBLISHED<br><br>No. 18-195V<br><br>Special Master Gowen<br><br>Ruling on Entitlement; Uncontested;<br>Tetanus-Diphtheria-acellular<br>Pertussis (Tdap); Shoulder Injury<br>Related to Vaccine Administration<br>(SIRVA). |

*Michael P. Milmoe*, Law Offices of Leah V. Durant, LLC, for petitioner.
*Julia M. Collison*, United States Department of Justice, Washington, DC, for respondent.

## RULING ON ENTITLEMENT[1]

On February 7, 2018, Kathryn Cummings ("petitioner"), filed a petition for compensation in the National Vaccine Injury Compensation Program.[2] Petitioner alleges that as a result of receiving a tetanus-diphtheria-acellular pertussis (Tdap) vaccination on May 18, 2017, she suffered a right shoulder injury related to vaccine administration ("SIRVA") with onset of pain within forty-eight (48) hours, constituting an injury listed on the Vaccine Injury Table. Petition (ECF No. 1).

On October 6, 2020, I issued formal Findings of Fact that petitioner received the Tdap vaccination in her right arm and that the onset of petitioner's right shoulder pain was within 48 hours thereafter. Findings of Fact (ECF No. 64). I noted that while it was not disputed between

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this decision contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims. The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. **This means the decision will be available to anyone with access to the Internet.** Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id*. **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.** *Id*.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended 42 U.S.C. §§ 300aa-10 to 34 (2012) (hereinafter "Vaccine Act" or "the Act"). Hereinafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

the parties, I would be prepared to find that there was also preponderant evidence that petitioner's right shoulder injury has persisted for more than six months.

On October 19, 2020, respondent filed his amended Rule 4(c) report in which he states that he does not contest that petitioner is entitled to compensation in this case.  Resp. Report (ECF No. 65) at 2.  Specifically, respondent states that in light of the Findings of Fact, respondent "will not defend the case on other grounds during further proceedings before the Office of Special Masters."  *Id.*  Respondent further states: "While preserving his right to appeal the Special Master's October 6, 2020 Findings of Fact, respondent submits that petitioner has otherwise satisfied the criteria set forth in the Vaccine Injury Table and the Qualifications and Aids to Interpretation (QAI) for SIRVA."  *Id.* at 2 (citing 42 U.S.C. §§ 300aa-11(c)(1)(D), 300aa-13(a)(1).

**In view of respondent's position and the evidence of record, I find that petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

                  **s/ Thomas L. Gowen**
                  Thomas L. Gowen
                  Special Master