# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: March 3, 2021

| | |
|---|---|
| * * * * * * * * * * * * *<br>KATHRYN CUMMINGS,<br><br>Petitioner,<br>v.<br><br>SECRETARY OF HEALTH<br>AND HUMAN SERVICES,<br><br>Respondent.<br>* * * * * * * * * * * * * | UNPUBLISHED<br><br>No. 18-195V<br><br>Special Master Gowen<br><br>Damages; Stipulation;<br>Tetanus-Diphtheria-acellular<br>Pertussis (Tdap); Shoulder Injury<br>Related to Vaccine Administration<br>(SIRVA). |

*Leah V. Durant*, Law Offices of Leah V. Durant, PLLC, for petitioner.
*Julia M. Collison*, United States Department of Justice, Washington, DC, for respondent.

### DECISION ON STIPULATION[1]

On February 7, 2018, Kathryn Cummings ("petitioner"), filed a petition for compensation in the National Vaccine Injury Compensation Program.[2] Petitioner alleged that as a result of a tetanus-diphtheria-acellular pertussis ("Tdap") vaccination on May 18, 2017, she suffered a right shoulder injury related to vaccine administration ("SIRVA") with onset of pain within forty-eight (48) hours, constituting an injury listed on the Vaccine Injury Table. Petition (ECF No. 1).

On October 6, 2020, I issued formal Findings of Fact that petitioner received the Tdap vaccination in her right arm and that the onset of petitioner's right shoulder pain was within 48 hours thereafter. Findings of Fact (ECF No. 64). On October 19, 2020, respondent filed his amended Rule 4(c) report in which he stated that petitioner had otherwise satisfied the criteria set forth in the Vaccine Injury Table and the Qualifications and Aids to Interpretation ("QAI") for

---

[1] Pursuant to the E-Government Act of 2002, see 44 U.S.C. § 3501 note (2012), **because this opinion contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The Court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the opinion is posted on the Court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). An objecting party must provide the Court with a proposed redacted version of the opinion. *Id.* **If neither party files a motion for redaction within 14 days, the opinion will be posted on the Court's website without any changes.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended 42 U.S.C. §§ 300aa-10 to 34 (2012) (hereinafter "Vaccine Act" or "the Act"). Hereinafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

SIRVA.  Resp. Report (ECF No. 65) at 2.  That same day, I issued a Ruling on Entitlement (ECF No. 66).

On March 2, 2021, respondent filed a stipulation providing that a decision should be entered awarding compensation to petitioner.  Stipulation (ECF No. 75).  While maintaining their respective positions, the parties now agree that a decision should be entered awarding the compensation described in paragraph 6 of the stipulation, which is attached hereto as Appendix A.  *Id.* at ¶¶ 5-6.

The stipulation awards **a lump sum of $85,000.00 in the form of a check payable to petitioner.**  This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

I adopt the stipulation as the decision of the Court and hereby award compensation in the amount and on the terms set forth therein.  Accordingly, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[3] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review.  Vaccine Rule 11(a).

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| KATHRYN CUMMINGS, ) | No. 18-195V |
| ) | Special Master Gowen |
| Petitioner, ) | ECF |
| ) | |
| v. ) | |
| ) | |
| SECRETARY OF HEALTH AND ) | |
| HUMAN SERVICES, ) | |
| ) | |
| Respondent. ) | |

### STIPULATION

The parties hereby stipulate to the following matters:

1. Kathryn Cummings, petitioner, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to -34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of a tetanus/diphtheria/acellular pertussis ("Tdap") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Petitioner received the Tdap vaccine on May 18, 2017.

3. The vaccination was administered within the United States.

4. On October 19, 2020, the Special Master issued a Ruling on Entitlement, incorporating his October 6, 2020 findings of fact, concluding that petitioner is entitled to compensation for a right-sided shoulder injury related to vaccine administration ("SIRVA"). Respondent continues to maintain his contrary position, but will not seek review of the Special Master's determination of entitlement upon its memorialization as a reviewable decision.

5. The parties now agree that a decision should be entered awarding the compensation

described in paragraph 6 of this Stipulation.

6. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $85,000.00, in the form of a check payable to petitioner. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a) for injuries allegedly related to petitioner's receipt of the Tdap vaccine.

7. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

8. Petitioner and her attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

9. Payments made pursuant to paragraph 6 and any amounts awarded pursuant to paragraph 7 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

10. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation will be used solely for petitioner's benefit as contemplated by a strict

construction of 42 U.S.C. §§ 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. §§ 300aa-15(g) and (h).

11. In return for the payments described in paragraphs 6 and 7, petitioner, in her individual capacity, and on behalf of her heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300 aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the Tdap vaccination administered on May 18, 2017, as alleged by petitioner in a petition for vaccine compensation filed on or about February 7, 2018, in the United States Court of Federal Claims as petition No. 18-195V.

12. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

13. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

14. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 7 above. There is absolutely no agreement on the part of the

parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

15. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

**END OF STIPULATION**

/

/

/

/

/

Respectfully submitted,

PETITIONER:

*/s/ Kathryn Cummings*

KATHRYN CUMMINGS

**ATTORNEY OF RECORD FOR PETITIONER:**

Michael P. Milmoe

By: */s/*

MICHAEL MILMOE, ESQ
LAW OFFICES OF LEAH V. DURANT, PLLC
1717 K Street NW, Suite 900
Washington, DC 20006
Tel. (202) 775-9200
mmilmoe@durantllc.com

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

*/s/ Heather L. Pearlman*

HEATHER L. PEARLMAN
Acting Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

CAPT Dale Washer, DHSc, for

TAMARA OVERBY
Acting Director, Division of Injury
Compensation Programs
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Mail Stop 08N146B
Rockville, MD 20857

**ATTORNEY OF RECORD FOR RESPONDENT:**

Julia M Collison
by Heather Pearlman

JULIA M. COLLISON
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel. (202) 305-0102
Julia.collison@usdoj.gov

Dated: 03/02/2021